**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                        )
**JOSE BURGOS-MARTINEZ,**                )
                                        )   **CIVIL ACTION**
         **Plaintiff,**               )
                                        )   **NO. 16-40128-TSH**
         v.                         )
                                        )
**THE CITY OF WORCESTER, a Municipal**   )
**Corporation, WORCESTER CITY,**         )
**WORCESTER CHIEF OF POLICE GARY**       )
**J. GEMME, WORCESTER POLICE**           )
**DETECTIVES SGT. STEVE ROCHE,**         )
**MICHAEL A. TARCKINI, WILLIAM**         )
**ESCOBAR, GARY MORRIS, TERRENCE**       )
**GAFFNEY, NEFTALI BATISTA,**            )
**THOMAS J. DUFFY, IGNACIO J.**          )
**GARCIA, CHRISTOPHER A.**               )
**PANARELLO and JOHN DOW,**              )
                                        )
         **Defendants.**              )
_____)

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO COMPEL**
**DEFENDANTS TO RESPOND TO WRITTEN DISCOVERY (Docket No. 33)**

**December 14, 2018**

**HILLMAN, D.J.**

Jose Burgos-Martinez ("Plaintiff") has filed claims for excessive use of force against the City of Worcester, Gary Gemme, Steve Roche, Michael Tarckini, William Escobar, Gary Morris, Terrence Gaffney, Neftali Batista, Thomas Duffy, Ignacio Garcia, and Christopher Panarello ("Defendants"). He has filed this motion to compel Defendants to respond to written discovery. For the reasons below, Plaintiff's motion (Docket No. 33) is ***denied***.

**Background**

On July 10, 2013, Defendants executed a search warrant at Plaintiff's home. Plaintiff arrived at his home while the search was in progress and alleges that Defendants subsequently used excessive force while restraining him.

Due to underlying criminal proceedings related to Plaintiff's arrest, this Court twice granted a stay of discovery. (Docket Nos. 20 & 24). On January 19, 2018, this Court lifted the stay and, on February 23, 2018, Defendants filed an amended scheduling order which, among other things, set forth a written discovery deadline of July 6, 2018. (Docket No. 26). On June 29, 2018, Plaintiff endorsed Defendant's timeline. (Docket No. 27). Subsequently, this Court adopted the parties' proposal and ordered that fact discovery be completed by October 12, 2018. *Id.*

On October 5, 2018, Plaintiff served written discovery upon Defendants. Defendants objected that Plaintiff's written discovery request failed to observe the July 6, 2018 deadline. On November 2, 2018, Plaintiff filed this motion to compel Defendants to respond. (Docket No. 33).

## Legal Standard

"A district court's case-management powers apply with particular force to the regulation of discovery and the reconciliation of discovery disputes." *Faigin v. Kelly*, 184 F.3d 67, 84 (1st Cir. 1999). Several courts have used this management power to deny untimely motions to compel. *See, e.g.*, *Amoah v. McKinney*, 2016 WL 3906580, at * 1 (D. Mass. July 14, 2016) ("[T]he motion [to compel] is denied as untimely."); *Bernio-Ramos v. Flores-Garcia*, 2015 WL 9169678, at *1 (D.P.R. Dec. 11, 2015) ("Discovery should have been completed by October 30, 2015. Plaintiff did not seek an extension of that deadline before it elapsed. . . . Instead, she has asked for an order to compel, more than one (1) month after the discovery deadline expired. That is not enough."); *Flynn v. Health Advocate*, 2005 WL 288989, *7 (E.D. Penn. Feb. 8, 2005) (denying motion to compel filed past the discovery deadline); *see also Modern Continental/Obayashi v. Occupational*

*Safety & Health Review Com'n*, 196 F.3d 274, 281 (1st Cir. 1999) (upholding a district court's decision to deny a motion to compel filed after fact discovery deadline); *Richardson v. City of New York*, 326 Fed.Appx. 580, 582 (2d Cir. 2009) (same).

## Discussion

To justify the untimely motion, Plaintiff's counsel essentially argues that he was preoccupied with other matters. *See* Docket No. 33 at 3 n.2 ("From June 28, 2018, and continuing through August, both of plaintiff's counsel were preoccupied as local counsel in an emergency class action before this Court . . . and were temporarily impeded in representation of the plaintiff."). Courts, however, have consistently found this justification inadequate in similar contexts.

For instance, in *de la Torre v. Cont'l Ins. Co.* the First Circuit held that attempting to prove excusable neglect by arguing that counsel was preoccupied with other matters "has been tried before, and regularly found wanting." 15 F.3d 12, 15 (1st Cir. 1994). The court noted: "'[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences.'" *Id.* (quoting *Pinero Schroeder v. FNMA*, 574 F.2d 1117, 1118 (1st Cir. 1978)); *see also Deo-Agbasi v. Parthenon Group*, 229 F.R.D. 348, 352 (D. Mass. 2005) ("Thus, the reason for the delay, the foremost factor in determining excusable neglect, weighs heavily against Deo-Agbasi because Porter's workload and carelessness are not adequate to excuse the neglect in this case.").

The same is true here. That Plaintiff's counsel was busy is not a satisfactory justification for the untimely motion. Despite their workload, "litigants have an unflagging duty to comply with clearly communicated case-management orders." *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998). Because Plaintiff's counsel failed to comply with that duty, he and his client must now live with the consequences.

## Conclusion

For the reasons stated above, Plaintiff's motion to compel (Docket No. 33) is ***denied***.

**SO ORDERED.**

>/s/ *Timothy S. Hillman*
>**TIMOTHY S. HILLMAN**
>**DISTRICT JUDGE**